**COMMONWEALTH of Kentucky, DIVISION OF FORESTRY, DEPARTMENT OF CONSERVATION, Appellant,**

**v.**

**Emma FARLER and Kentucky Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

May 7, 1965.

Rehearing Denied July 2, 1965.

Craft & Haynes, Hazard, for appellant.

M. B. Fields, Hazard, for appellees.

WADDILL, Commissioner.

The Commonwealth of Kentucky, Department of Conservation, has appealed from a circuit court judgment setting aside an order of the Workmen's Compensation Board wherein it had denied compensation benefits to the widow of Ray Farler who was a part-time forest fire fighter for the department.

The crucial question presented is whether the board erred in holding certain testimony incompetent.

Farler, who was 55 years old, was called to help fight a fire near Jeff, Kentucky, on November 17, 1963. The only witness who testified to pertinent events on that day was Elmer Eldridge, an employee of the department, who supervised the fighting of this fire. He testified:

"* * * I came down the road picking up these fellows, fighters. As I come along as usual, he come up the hill from his house into the road and got in the truck and we went to this fire on Highway 7 around Jeff. He went up one side of the fire and I went up the other side. He didn't get all the way to the head end of the fire, which is the hot spot of the fire. He was on the side. They left him watch-

ing a log and a stump or something and we got the fire out, I think we was around hour or hour and half on the fire, and he came back and got in the truck, and I noticed there was something wrong with him. They offered him some water and he wouldn't take the water. I asked him what was wrong, and he said, I can't hardly get my breath, and I have got a hurting in my chest. I said, I guess I had better take you to the Doctor then and I brought him to the hospital down here."

Dr. M. B. Payne, the attending physician, testified over objection:

"* * * the history was related by a member of the family—I don't remember who, that he had been helping fight fire up in the neighborhood in which he lived, and he had fought very hard and breathed a lot of smoke and got real hot. This was later confirmed by the patient when he got able to speak. * * *."

He further testified that Farler died two days after he was admitted to the hospital of myocardial infarction.

Concluding that the statements made to the physician by Farler were not necessary to determine Farler's condition or treatment, the board held that this testimony was incompetent and refused to consider it on the authority of Marion v. Frank R. Messers & Sons, Inc., 306 Ky. 743, 209 S.W.2d 321. Without this testimony the record contains no evidence to show that Farler had exerted himself at the scene of the fire so as to cause his heart attack. Accordingly, the board found that Farler's death did not result from injuries arising out of his employment with the department.

Upon appeal the circuit court, relying on Valentine v. Weaver, 191 Ky. 37, 228 S.W. 1036, held that it was competent for Dr. Payne to testify about the information he had received concerning Farler's activities and physical condition at the scene of the fire, but it was incompetent for him to tes-

tify as to the location of the fire. The circuit court set aside the board's order.

■ The applicable rule is that the history of an injury which has been related to a physician by his patient is competent insofar as it might have aided him in diagnosing and treating the patient. Marion v. Frank R. Messers & Sons, Inc., supra; Valentine v. Weaver, supra.

■ It is reasonably apparent from the record that the case history related to Dr. Payne by Farler was helpful in diagnosing and treating him. Therefore the evidence concerning the patient's case history, held incompetent by the board, should have been considered by it in determining whether Farler's death resulted from an accident arising out of and in the course of his employment with the department.

The judgment is affirmed to the extent it holds the case history related to Dr. Payne by Farler is competent and the circuit court will remand the case to the board with directions to consider this testimony in determining whether appellee is entitled to an award of compensation benefits.